# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Dean Benter,<br><br>   Plaintiff,<br><br>v.<br><br>U.S. Social Security Administration Field Office-Bemidji, and U.S. Social Security Field Office-Rochester,<br><br>   Defendants. | Case No. 14-cv-1030 (DWF/HB)<br><br><br>REPORT AND RECOMMENDATION |

Dean Benter, General Delivery, Bemidji, MN 56601-9999, pro se

Ann M. Bildtsen, United States Attorney's Office, 300 South 4th Street, Suite 600, Minneapolis, MN 55415

HILDY BOWBEER, United States Magistrate Judge

  This matter is before the Court on Defendants' Motion to Dismiss [Doc. No. 3]. The case has been referred to this Court pursuant to 28 U.S.C. § 636 and District of Minnesota Local Rule 72.1 for the issuance of a Report and Recommendation. For the reasons set forth below, the Court recommends that the motion be granted and the case be dismissed, without prejudice, for lack of subject matter jurisdiction.

**I. BACKGROUND**

  Plaintiff Dean Benter initiated this action against Defendants U.S. Social Security Administration Field Office-Bemidji and U.S. Social Security Field Office-Rochester in the Conciliation Court for the Ninth Judicial District, Beltrami County, Minnesota, on

March 5, 2014.  (Notice of Removal ¶¶ 1, 2 & Ex. A at 1 (Statement of Claim and Summons, *Benter v. Social Security of Bemidji*, Case No. 04-CO-14-47 (Minn. Conciliation Court) [Doc. No. 1].)  Plaintiff alleged that Defendants reduced and ceased his Supplemental Security Income ("SSI") payments without giving him adequate prior notice.  (*Id.* Ex. A at 1.)  Plaintiff further alleged that Defendants' representatives harassed him by calling him repeatedly on the telephone, abruptly terminating telephone calls, and chasing him out of a Social Security Administration ("SSA") building.  (*Id.*)  Plaintiff asked for monetary relief in the amount of $5,000.00.  (*Id.*)

The Acting Commissioner of Social Security, Carolyn W. Colvin, ("Commissioner") removed the action to the United States District Court for the District of Minnesota on April 10, 2014.  (Notice of Removal ¶ 4.)  The basis for removal was that the action was commenced in state court against an agency of the United States.  (*Id.* ¶ 5); *see* 28 U.S.C. § 1442(a)(1).[1]

---

[1]  Section 1442(a)(1) provides:

> (a) A civil action or criminal prosecution that is commenced in a State court and that is against or directed to any of the following may be removed by them to the district court of the United States for the district and division embracing the place wherein it is pending:
>
> (1) The United States or any agency thereof or any officer (or any person acting under that officer) of the United States or of any agency thereof, in an official or individual capacity, for or relating to any act under color of such office or on account of any right, title or authority claimed under any Act of Congress for the apprehension or punishment of criminals or the collection of the revenue.

2

On April 10, 2014, the Commissioner sent the Notice of Removal to Plaintiff at his last known address: a general delivery address at the Bemidji, Minnesota, post office. (Notice of Removal ¶ 8; Notice of Filing of Notice of Removal [Doc. No. 1-2].)  This was the only valid address the SSA had on file for Plaintiff, and before commencing suit, Plaintiff received all his SSA mail there.  (Notice of Removal ¶ 8.)

On April 17, 2014, Defendants filed a motion to dismiss for lack of subject matter jurisdiction, pursuant to Federal Rule of Civil Procedure 12(b)(1).  Defendants argue that (1) judicial review is not available because there has been no final decision by the Commissioner; (2) Plaintiff's challenge to the reduction and suspension of his SSI payments is moot because the payments were resumed and his benefits are now paid in full; and (3) sovereign immunity bars Plaintiff's harassment claim.

The Court issued an Order the following day, instructing Plaintiff to file a response to the motion to dismiss by May 16, 2014.  [Order at 1, Apr. 18, 2014 [Doc. No. 8].)  The Order was mailed to Plaintiff at his general delivery address in Bemidji and, according to the Court's docket, was not returned as undeliverable.  Nonetheless, Plaintiff did not respond to the motion, and has not made an appearance in the case since he filed the suit in conciliation court.  In Defendants' reply memorandum filed on May 30, 2014 [Doc. No. 9], Defendants note that their attempt to serve the motion to dismiss on Plaintiff by mail was unsuccessful, and attempts to locate him have failed.  The Court's most recent communication mailed to Plaintiff at the general delivery address in Bemidji—a Notice of Reassignment sent on August 6, 2014—was returned as undeliverable.  [*See* Doc. No. 12.]

3

## II. DISCUSSION

Federal Rule of Civil Procedure 12(b)(1) allows a party to challenge a court's subject matter jurisdiction by motion. The party asserting jurisdiction bears the burden to establish it. *See VS Ltd. P'ship v. Dep't of Housing & Urban Dev.*, 235 F.3d 1109, 1112 (8th Cir. 2000). Jurisdiction is a threshold issue, and "judicial economy demands that the issue be decided at the outset" of the case. *Osborn v. United States*, 918 F.2d 724, 729 (8th Cir. 1990).

A party may raise a facial attack or a factual attack on subject matter jurisdiction. *Id.* at 729 n.6. Defendants raise a factual attack here. When presented with a motion raising a factual challenge to subject matter jurisdiction, the Court may consider matters outside the pleadings. *Id.* at 728 n.4. Because the Court's "very power to hear the case" is at issue, the Court "is free to weigh the evidence and satisfy itself as to the existence of its power." *Id.* at 730 (quoting *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977)). Accordingly, "no presumptive truthfulness attaches to the plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." *Id.* (quoting *Mortenson*, 549 F.2d at 891).

### A. SSI Payments

Defendants move to dismiss Plaintiff's claim that his SSI payments were wrongly suspended and reduced on the ground that there is no final decision by the Commissioner subject to judicial review under 42 U.S.C. § 405(g). Defendants provided material outside the pleadings for the Court's review, and the relevant facts are set forth below.

4

Plaintiff receives both disability insurance benefits (DIB) and SSI. (Bauer Decl. ¶¶ 2, 4(a), 4(g) [Doc. No. 5].) The SSA deposits payments for those benefits directly into Plaintiff's bank account. (*Id.* ¶ 4(a).) In November 2013, Plaintiff updated his address with the SSA to the general delivery address at the Bemidji, Minnesota, post office, and the address was changed in his DIB file, but not his SSI file. (*Id.* ¶ 4(b).) On January 10, 2014, the SSA notified Plaintiff of its intent to suspend his SSI payments beginning in February 2014, because it needed his correct address. (*Id.* ¶ 4(c) & Ex. 1.) The notice was sent to Plaintiff's former address in Fairmont, Minnesota. (*Id.* Ex. 1.) Plaintiff did not respond to the SSA's notice, however, and the SSA suspended his SSI benefits as of February 1, 2014. (*Id.* ¶ 4(c).)

On January 31, 2014, Plaintiff went to the SSA's Bemidji field office to inquire about the missing payment. (*Id.* ¶ 4(d).) While he was there, SSA representatives updated his address in his SSI file, and his benefits were reinstated. (*Id.* ¶ 4(e).)

Because the SSA previously had overpaid Plaintiff SSI benefits in the amount of $518.89, however, the SSA decided to withhold increments of $72.10, beginning with the February 2014 payment, to correct the error. (*Id.* ¶ 4(e).) The SSA notified Plaintiff of this action in a Notice of Change in Payment dated February 7, 2014. (*Id.* Ex. 2.) Plaintiff asked the SSA to waive repayment, and the SSA agreed to do so. (*Id.* Ex. 3 at 2.) The SSA sent Plaintiff a check for $72.10 to reimburse him for the first incremental withholding, and confirmed in writing that it would not attempt to recover any of the $518.89. (*Id.* at 1, 2.) Each of the communications sent to Plaintiff included a notification of his administrative appeal rights. (*Id.* Exs. 1-3.) Plaintiff did not file an

administrative appeal at any time.  (*Id.* ¶ 4(h).)  Plaintiff has now been paid all of the benefits to which he is entitled, and he continues to receive his DIB and SSI payments by direct deposit into his bank account.  (*Id.* ¶ 4(g).)

Federal courts have limited jurisdiction to review decisions made by the SSA.  Title 42 U.S.C. § 405(g) provides the exclusive avenue for federal judicial review of an administrative decision, and judicial review is appropriate only for final decisions made by the Commissioner after an administrative hearing.  42 U.S.C. § 405(g); *see Weinberger v. Salfi*, 422 U.S. 749, 764 (1975) (describing the requirement of a final decision made after a hearing as "central to the requisite grant of subject-matter jurisdiction").  If a plaintiff fails to exhaust these administrative remedies before filing suit, the case should be dismissed, without prejudice, for lack of subject matter jurisdiction.  *Henderson v. Apfel*, No. 98-2164, 1998 WL 792472, at *1 (8th Cir. Nov. 17, 1998) (unpublished); *see Renneke v. Astrue*, 276 F. App'x 548, 549 (8th Cir. 2008) (where SSI recipient filed a federal action challenging the SSA's notice of termination of benefits before the administrative hearing was held, affirming the district court's dismissal for lack of subject matter jurisdiction based on failure to exhaust administrative remedies).

Here, Plaintiff did not administratively appeal the SSA's decisions to reduce or suspend his SSI payments, nor did he request or receive an administrative hearing.

Accordingly, he has not obtained a final decision from the Commissioner, and federal subject matter jurisdiction is lacking.[2]

Plaintiff has presented no grounds, nor has the Court independently discerned such grounds, to excuse his failure to exhaust his administrative remedies. Before a court may waive the administrative exhaustion requirement, "claimants must show (1) their claims to the district court are collateral to their claim of benefits; (2) that irreparable injury will follow; and (3) that exhaustion will otherwise be futile." *Titus v. Sullivan*, 4 F.3d 590, 592 (8th Cir. 1993). Plaintiff has not established any of these factors. Consequently, the Court recommends that Plaintiff's claim based on the reduction and suspension of his SSI payments be dismissed, without prejudice, for lack of subject matter jurisdiction.[3]

### B. Harassment

Plaintiff also alleges he was harassed by SSA field office representatives. Defendants move to dismiss this claim also for want of subject matter jurisdiction, based on sovereign immunity and the Federal Tort Claims Act's exclusive remedy provision.

Generally, "sovereign immunity shields the Federal Government and its agencies from suit." *F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994). The Federal Tort Claims Act

---

[2] To allay any potential confusion or concern by Plaintiff, the Court notes that the state court would also lack subject matter jurisdiction over his claim. *See* 42 U.S.C. § 405(g) (granting exclusive jurisdiction to "the district court[s] of the United States" over actions seeking judicial review of a final decision of the Commissioner). The defect in the Plaintiff's case is not that it is in federal court, but that Plaintiff must exhaust the procedural steps described herein before he can come to the federal district court to seek relief.

[3] Because subject matter jurisdiction for this claim is clearly lacking, the Court does not address the Commissioner's argument that the claim was mooted by the restoration of benefits.

("FTCA") waives sovereign immunity, however, "for certain torts committed by federal employees." *Id.* at 475-76 (citing 28 U.S.C. § 1346(b)). The FTCA grants exclusive jurisdiction to federal district courts over civil actions for monetary relief based on the negligent or wrongful act of a federal employee who acted within the scope of his or her employment. 28 U.S.C. § 1346(b)(1).

Before commencing a federal action, the aggrieved individual must "first present[] the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing . . . ." 28 U.S.C. § 2675(a). It is well-established that "compliance with § 2675(a)'s presentment requirement is a jurisdictional precondition to filing an FTCA suit in federal district court." *Mader v. United States*, 654 F.3d 794, 805 (8th Cir. 2011) (citing *Allen v. United States*, 590 F.3d 541, 544 (8th Cir. 2009); *Lunsford v. United States*, 570 F.2d 221, 224 (8th Cir. 1977)). Failure to comply with the presentment requirement deprives a court of subject matter jurisdiction. *Id.* at 808.

In the case at hand, there is no indication that the SSA representatives acted outside the scope of their employment. Assuming their alleged conduct falls within the purview of the FTCA, Plaintiff did not present his harassment claim to the SSA, nor did the SSA issue a final, written denial of a claim. Thus, no subject matter jurisdiction exists over the claim.[4] If, on the other hand, the conduct of the SSA representatives falls within one of the exceptions described in 28 U.S.C. § 2680, or outside the strictures of

---

[4] The Court overlooks, for the present purposes, Plaintiff's failure to name the United States as the defendant rather than the SSA field offices. *See Meyer*, 510 U.S. at 476.

the FTCA altogether, then Plaintiff's harassment claim is barred by sovereign immunity and should be dismissed.

## III. RECOMMENDATION

Based on all the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that:

1. Defendants' Motion to Dismiss [Doc. No. 3] be **GRANTED**;

2. This case be **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction; and

3. **JUDGMENT BE ENTERED ACCORDINGLY**.


Dated: September 18, 2014          s/ *Hildy Bowbeer*
                                   HILDY BOWBEER
                                   United States Magistrate Judge


**NOTICE**

Under D. Minn. LR 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by **October 7, 2014** a writing that specifically identifies those portions of this Report to which objections are made and the basis of those objections. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals. A party may respond to the objecting party's brief within fourteen days after service thereof. A district judge shall make a de novo determination of those portions to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable to the Eighth Circuit Court of Appeals.